IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

GILBRINA MILLER,

    Plaintiff,

v().                                        C.A. No.:   1:21-cv-299

CONDUENT COMMERCIAL SOLUTIONS, LLC,

    Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GILBRINA MILLER (hereinafter sometimes referred to as "Plaintiff"), by and through her undersigned counsel, sues Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC (hereinafter sometimes referred to as "Defendant"), and in support thereof states as follows:

## INTRODUCTION

1. This is an action by Plaintiff against her employer for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid overtime, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2. This claim is properly before this Court pursuant to 28 U.S.C. § 1331, as this claim arises under federal law, and by the private right of action conferred in

29 U.S.C. § 216(b).

## VENUE

3. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, has offices Travis County, Texas.

## THE PARTIES

4. Plaintiff, GILBRINA MILLER, is an individual residing in Wahpeton, North Dakota.

5. Plaintiff, GILBRINA MILLER, was employed by Defendant from May of 2018 until January of 2020, as a "Supervisor,"[1] at the regular rate of $13.25 per hour. Plaintiff's principle job duties consisted of receiving telephone calls from Defendant's clients' customers and assisting those customers; mentoring, coaching, assisting with hiring and termination decisions, and training employees; and, completing payroll submissions and other reports. Plaintiff remotely worked for Defendant's call center in Austin, Texas, from her home in Wahpeton, North Dakota.

6. Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, is a limited liability company existing under the laws of the State of Nevada and maintains a call center and offices in Austin, Texas.

---

[1] Plaintiff began her employment with Defendant as a customer service representative and was later promoted to mentor. Thereafter, Plaintiff was promoted to supervisor.

7. Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, is a company that primarily operates a managed business process services company and is an employer as defined by 29 U.S.C. § 203(d).

8. Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC is a multinational business process services company, headquartered in Florham Park, New Jersey. Defendant employs thousands of non-exempt workers in its call centers to provide assistance to the customers of the business and government clients of the Defendant.

9. Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, has employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

10. At all times material to this complaint, Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

11. At all times material to this complaint, Defendant, CONDUENT COMMERCIAL SOLUTIONS, LLC, was an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

12. At all times material to this complaint, Defendant employed workers, including the Plaintiff, who used the instrumentalities and channels of interstate

commerce (telephones and internet) to regularly communicate with people across the United States and internationally as part of their job duties.

13.  At all times material to this Complaint, Defendant was the employer of the Plaintiff, and as a matter of economic reality, Plaintiff was dependent upon Defendant for her employment.

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

14.  Plaintiff occupied the position of "Supervisor;" and did not hold a position considered as exempt under the FLSA.

15.  Defendant has enforced a uniform company-wide policy wherein it improperly required its hourly call-center employees to perform work "off-the-clock" and without pay, and also required those employees to clock out for short unscheduled breaks that did not exceed twenty (20) minutes.

16.  Defendants' management required Plaintiff to work in excess of 40 hours in a workweek.

17.  Plaintiff was not paid for her overtime work in accordance with the FLSA.

18.  Throughout the employment of Plaintiff, Defendant repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Specifically, Plaintiff was never paid for any work performed off-the-clock for Defendant that was in excess of 40 hours in a workweek.

20. The work schedules for the Plaintiff required her to work in excess of 40 hours in a workweek on a regular and recurring basis during numerous workweeks.

21. In fact, Plaintiff worked numerous workweeks wherein she worked in excess of 40 hours in workweek. Plaintiff estimates that she is owed for approximately 200 hours of off-the-clock work that she performed between May of 2018 and January of 2020. Plaintiff should have been compensated for her off-the-clock work at one and one-half times her regular rate. However, Plaintiff was not compensated at all for her off-the-clock work.

22. Defendant's policy of not properly paying overtime is company-wide and was willful.

23. Defendant either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to its obligations as employers under the FLSA.

24. Defendant failed to act reasonably to comply with the FLSA, and so Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

25. The acts described in the above paragraphs violate the Fair Labor

Standards Act, which prohibits the denial of overtime compensation for hours worked in excess of 40 per workweek.

26. As a result of Defendant's unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

27. Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff, GILBRINA MILLER, demands Judgment against Defendants, jointly and severally, for the following:

a. Awarding Plaintiff compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

b. Awarding Plaintiff pre-judgment, moratory interest as provided by law, should liquidated damages not be awarded;

c. Awarding Plaintiff liquidated damages and/or statutory penalties as provided by law;

d. Awarding Plaintiff such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, GILBRINA MILLER, demands a jury trial on all issues so triable.

Respectfully submitted this April 6, 2021.

**ROSS • SCALISE LAW GROUP**
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile
Charles@rosslawpc.com

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
**DANIEL B. ROSS**
Texas Bar No. 789810
**ATTORNEYS FOR PLAINTIFF**